A Form 21, Agreement for Compensation for Disability, having been approved by the Industrial Commission on July 8, 1991, constitutes an Award of record and the same was incorporated herein by reference by Deputy Commissioner Fuleihan. Additionally, the Pre-Trial Agreement was incorporated herein by reference by Deputy Commissioner Fuleihan. At the 17 December 1993 hearing, the parties stipulated into evidence the Form 21, Form 19 and medical reports from Doctors Taylor, Bagley and Costenbader, and Deputy Commissioner Fuleihan took judicial notice of G.S. § 8-46 wherein plaintiff's life expectancy at the time of the hearing was 44.17 years.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 28-year-old high school graduate with one semester of business courses taken at North Carolina Central University. She has worked for defendant-employer since March 1987, initially as an alternate material handler and currently as a field pack plastics operator. Plaintiff's duties as a field pack plastics operator require her to rotate between the packing, filling and plastics departments performing a variety of packaging and inspection functions. Plaintiff's prior employments consist of six weeks as a sewer in a hosiery mill and three years as a gluer in a knitting mill.
2. On May 16, 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, when her head was caught in a printer machine causing fractures to her orbital and zygomatic bones, for which plaintiff underwent open reduction surgery, and a laceration to her right cheek.
3. As a result of her May 16, 1991, injury by accident, plaintiff was out of work and unable to earn any wages in any employment from May 16, 1991, through July 18, 1991, for which she received temporary total disability compensation pursuant to an approved Form 21 Agreement. Plaintiff returned to work with defendant-employer on July 19, 1991, and continues to work there, earning wages equal to or greater than she was earning at the time of her injury by accident. Plaintiff has no current plans to change her vocation.
4. As a result of her May 16, 1991, injury by accident, plaintiff sustained scarring to the right side of her face, a slight change in the width of the right side of her face as compared to the left side of her face, and a slight depression to the outside of her right eye socket, which was further described at the hearing of this matter and which description is incorporated herein by reference.
5. Plaintiff wears her hair so that it covers the right side of her face as much as possible.
6. As a result of her May 16, 1991, injury by accident, plaintiff has sustained serious facial or head disfigurement which mars her appearance to such an extent that it may reasonably be presumed to lessen her future opportunities for remunerative employment and so lessen her future earning capacity. The proper and equitable amount of compensation for this loss under the North Carolina Workers' Compensation Act is $2,500.00.
7. As a result of her May 16, 1991, injury by accident, plaintiff has facial nerve damage and resulting facial neuralgia which is manifested by right side facial numbness and itchiness which cannot be relieved by scratching, right side upper gum and lip pain, right side upper gum numbness and irritation when brushing her teeth, and a right side facial twitch which occurs once every minute, and has migraine headaches which occur one to two times a month preceeded by a shooting pain in her head, which continues throughout the course of the headache. Plaintiff's facial nerve damage and resulting facial neuralgia, and her headaches and pain symptoms are permanent in nature; however, the symptoms are treatable with medication.
8. As a result of her May 16, 1991, injury by accident, plaintiff has sustained permanent injury to her facial nerves, which is an important part of her body. The proper and equitable amount of compensation for this loss is $7,500.00.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On May 16, 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C.G.S. § 97-2 (6).
2. As a result of her May 16, 1991, injury by accident, plaintiff has sustained serious facial or head disfigurement for which she is entitled to proper and equitable compensation in the amount of $2,500.00. N.C.G.S. § 97-31 (21).
3. As a result of her May 16, 1991, injury by accident, plaintiff has sustained permanent injury to her facial nerves, which is an important part of her body, for which she is entitled to proper and equitable compensation in the amount of $7,500.00. N.C.G.S. § 97-31 (24).
4. Plaintiff is entitled to have defendants provide all medical care to the extent necessary to effect a cure, to provide relief, or to lessen any period of disability from her May 16, 1991 injury by accident. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff compensation in the amount of $2,500.00 for serious facial or head disfigurement. This compensation has accrued and shall be paid in a lump sum without commutation, subject to an attorney's fee hereinafter approved.
2. Defendants shall pay plaintiff compensation in the amount of $7,500.00 for the permanent injury to her facial nerves, which is an important part of her body. This compensation has accrued and shall be paid in a lump sum without commutation, subject to a reasonable attorney's fee hereinafter approved.
3. A reasonable attorney fee in the amount of twenty-five percent of the award contained in Awards paragraphs 1 and 2 herein, is hereby approved for plaintiff's counsel and shall be paid directly to Mr. E. Glenn Kelly.
4. Defendants shall pay all medical expenses incurred by plaintiff as a result of her May 16, 1994, injury by accident once bills for the same have been submitted through the carrier to the Industrial Commission and thereafter approved by the Industrial Commission.
5. Defendants shall pay the costs due this Commission.
This case is ordered removed from the Full Commission hearing docket.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER